UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CR. NO. 3:23-CR-126
:
v. :
: (Judge MANNION)
RALPH PARRY :
: (electronically filed)
Defendant. :

**INFORMATION**

THE UNITED STATES ATTORNEY CHARGES:

FILED
SCRANTON
MAY 22 2023
PER ___JKC___
DEPUTY CLERK

**COUNT 1**
18 U.S.C. §371
(Conspiracy to Commit Theft of Major Artwork, Concealment and Disposal of Major Artwork, and Interstate Transportation of Stolen Property)

I. Introduction

At all times material to the Information:

1. The Defendant is a resident of the Commonwealth of Pennsylvania.

2. A "museum" as defined in Title 18, United States Code, Section 668, is an organized and permanent institution, the activities of which affect interstate and foreign commerce, that is (a) situated in the United States; (b) is established for an essentially educational and aesthetic purpose; (3) has a professional staff, and: (4) owns, utilizes, and cares for tangible items that are exhibited to the public on a regular

schedule.

3. An "object of cultural heritage," as defined in Title 18, United States Code, Section 668, is an object that is either over 100 years old and worth in excess of $5,000 or that is less than 100 years old and worth at least $100,000.

4. The following institution is situated in the United States, has been established for essentially educational or aesthetic purposes, has a professional staff, owns, utilizes, or cares for tangible items that are exhibited to the public on a regular schedule, and is a "museum" as defined in Title 18, United States, Code, Section 668:

a) The Hillwood Estate, Museum, and Gardens located in Washington, DC.

5. From in or about August of 1999 and continuing through in or about April of 2019, in the Middle District of Pennsylvania, the District of Columbia, and elsewhere, the Defendant,

**RALPH PARRY,**

did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with others, to commit an offense against the United States, that is: to steal from the care, custody, and control of various museums certain objects of cultural heritage; knowing that

2

certain objects of cultural heritage had been stolen or obtained by fraud, if in fact the object had been stolen or obtained by fraud from the care, custody, or control of a museum, received, concealed, exhibited, or disposed of the objects, and: transported in interstate or foreign commerce goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted, or taken by fraud, in violation of Title 18, United States Code, Section 668(b)(1), Title 18, United States Code, Section 668(b)(2), and Title 18, United States Code, Section 2314.

## II.   Manner and Means and Purpose of the Conspiracy

6.   During the aforementioned period of the time, it was part of the conspiracy for the conspirators to conduct research in order to locate collections which contained valuable pieces of artwork, antiques, sports memorabilia, and other items, many of which constituted objects of cultural heritage.

7.   It was part of the conspiracy that the conspirators made several trips to various institutions, many of which constituted museums, where the above-described objects were displayed, for the purpose of gaining knowledge of security measures, access points, exit points, and the physical displays of the above-described objects.  The conspirators

recorded these trips for the purpose of later reviewing the above-described security measures prior to the theft of the objects of cultural heritage.

8. It was part of the conspiracy that the conspirators visited the museums and other repositories, broke into the museums and other repositories, smashed or destroyed the protective display cases, and stole and removed objects of cultural heritage.

9. It was part of the conspiracy that the conspirators would meet at various pre-arranged locations to itemize, distribute, and break-down the objects of cultural heritage between the conspirators. The conspirators utilized three locations in particular, the residences of two members of the conspiracy, and a bar owned and operated by a third member of the conspiracy, all located in Lackawanna County, Pennsylvania, within the Middle District of Pennsylvania.

10. It was part of the conspiracy that the conspirators would strip the objects of cultural heritage of the gemstones and other valuable attachments prior to melting the objects down into easily transportable bars, disks, and small pieces of the valuable metals.

11. It was part of the conspiracy that the conspirators would transport the above-described gemstones and valuable metals to individuals both known and unknown in the United States, located within

New York City, in the Southern District of New York, to sell the objects for cash.

12. It was part of the conspiracy that the conspirators would sell objects of cultural heritage which could not be broken down, such as antique firearms and paintings, to each other and to various individuals, both known and unknown to the United States, for cash.

13. It was part of the conspiracy that the conspirators would transport the above-described antique firearms and paintings to other residences belonging to the conspirators in order to conceal the objects from law enforcement investigators.

### III. Overt Acts

14. In furtherance of the conspiracy and in order to effect the objects thereof, one or more of the conspirators committed and caused to be committed the following overt acts, in the Middle District of Pennsylvania, and elsewhere:

    a) Prior to 2018, Ralph PARRY agreed with two other conspirators to drive a rental vehicle to the Hillwood Estate, Museum, and Gardens in Washington, DC, for the purpose of breaking into the Hillwood Estate, Museum, and Gardens and stealing and removing objects of cultural heritage displayed

therein.

b) Prior to 2018, Ralph PARRY drove the two conspirators described above in subparagraph (a) to Washington, DC, in a rental vehicle in order to break into the Hillwood Estate, Museum, and Gardens located in Washington, DC and steal and remove objects of cultural heritage displayed therein.

c) Prior to 2018, Ralph PARRY drove the two conspirators described above in subparagraph (b) from Washington, DC, to the Middle District of Pennsylvania in a rental vehicle, after the planned break in and theft of the Hillwood Estate, Museum, and Gardens was aborted.

All in violation of Title 18, United States Code, Section 371.

GERARD M. KARAM
United States Attorney

_____
JAMES M. BUCHANAN
Assistant United States Attorney

Date: 5/8/23